## Prinscott v. Henry T. Campbell Sons' Corp.

*Dresnin & Stern*, for plaintiffs.

*Michael A. Foley*, for defendant.

ALESSANDRONI, P. J., April 3, 1958. — Plaintiffs' action in trespass seeks compensation for injuries sustained while mixing or otherwise using defendant's product "Sakrete", a cement mixture particularly useful to the do-it-yourself home repairman.

Discovery proceedings by written interrogatories were instituted by plaintiffs. Defendant filed its answers to three of the interrogatories. However, objections were taken and no answers made to interrogatories 2 and 3. Plaintiffs filed a motion to compel defendant to answer the interrogatories.

Interrogatory no. 2 requests that defendant furnish detailed information as to its manufacturing process with particular reference to the manner of mixing the ingredients and the use of any devices for protection of workmen against inhalation and other dangers inherent in the manufacturing process.

Defendant's objection to this interogatory is that the information is not relevant; defendant contends that although plaintiffs' case has to do with a mixing process, the disparate quantity present in defendant's mixing and packing process and that used by plaintiffs have no relationship. Pa. R. C. P. 4007(*a*) requires that the information desired must be relevant; relevance has a very broad meaning; there appears to

be a relationship between the mixing by defendant and the mixing by plaintiffs. While vastly different quantities may be involved the mechanical process is identical.

Plaintiffs' cause of action is said to arise out of the breach of an alleged duty to warn customers not to mix this product with water in a confined, unventilated area. If this be so, then defendant's mixing process certainly has bearing on the existence of the duty claimed. Defendant must answer this interrogatory.

Interrogatory no. 3 propounds a series of questions on the composition of the product "Sakrete", and requests information as to where and by whom component ingredients were manufactured or processed. Defendant's objection is that this information would require disclosure of its secret process and is protected by the provisions of rule 4011. Rule 4011(c) prohibits discovery where the interrogatory or question would require "disclosure of any secret process . . .".

This rule is clear and references to the Federal Discovery Rules are inapposite. See Arcos Corporation v. Weldwire Co., Inc., 86 D. & C. 440. Plaintiffs recognize that the information is secret and of vital importance to defendant; it is stated that they will treat the information as confidential. Defendant is not required to rely on such statements because since the answers must be filed of record, they are thus made available for inspection by the public, and would result in disclosure. Defendant is entitled to the protection of rule 4011(c).

## Order

And now, to wit, April 3, 1958, plaintiffs' motion to compel defendant to answer interrogatory no. 2 is granted, defendant must answer within 10 days of this order; plaintiffs' motion to compel defendant to answer interrogatory no. 3 is dismissed.